IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY FORSYTHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:12-CV-242-TMH |
| | ) | [WO] |
| | ) | |
| SGT. BUCKMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Gregory Forsythe ["Forsythe"], an indigent inmate presently confined in the Houston

County Jail.  In the instant complaint, Forsythe references an incident which occurred

during his confinement at the Dothan City Jail on October 2, 2010.  Specifically, Forsythe

asserts jail personnel failed to protect him from attack by fellow inmates on the

aforementioned date.  Compl. (Doc. No. 1) at 3.  Forsythe also complains defendants

Buckman and Kirsey, officers employed at the Houston County Jail, acted with deliberate

indifference to his safety by placing him in a cell with a possible assailant from the incident

which occurred at the Dothan City Jail for two weeks in December of 2011.

Upon review of the present complaint and in light of the previous decision entered

in *Forsythe v. City of Dothan, et al.*, Civil Action 1:10-CV-1063-ID-WC (M.D. Ala. 2011)

and the complaint pending in *Forsythe v. Kirsey, et al.*, Civil Action 1:12-CV-33-TMH-WC, the court concludes this case is due to be summarily dismissed as malicious in accordance with the provisions of 28 U.S.C.§ 1915(e)(2)(B)(i).[1]

## II.  DISCUSSION

With respect to the incident at the Dothan City Jail, the complaint presents claims indistinguishable from the complaint previously filed by the plaintiff in *Forsythe v. City of Dothan,* et al., Civil Action 1:10-CV-1063-ID-WC (M.D. Ala. 2011).  As for the claims against defendants Buckman and Kirsey, the complaint is indistinguishable from the complaint previously filed by the plaintiff in *Forsythe v. Kirsey, et al.*, Civil Action 1:12-CV-33-TMH-WC, a case which is currently pending on the plaintiff's claims for relief. A federal court is empowered to dismiss a prisoner's *in forma pauperis* complaint as malicious where earlier and later complaints are substantially identical.  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (*in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and summarily dismissed as either frivolous or malicious under § 1915); *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore,* 980 F.2d 994, 994–995 (5th Cir. 1993);

---

[1]  The court granted Forsythe leave to proceed *in forma pauperis*.  Doc. No. 3.  A prisoner allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir. 1975); *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (*in forma pauperis* complaint repeating same factual allegations asserted in earlier case is subject to dismissal as duplicative). "Dismissal of the duplicative lawsuit . . . promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 692 (9th Cir. 2007).

In the initial prior cause of action filed in December of 2010, this court dismissed the case with prejudice because Forsythe bypassed the administrative remedy procedure provided by the jail and the remedy no longer existed.  *Forsythe v. City of Dothan, et al.*, Civil Action No. 1:10-CV-1063-ID (M.D. Ala. 2011) - *Recommendation of the Magistrate Judge* at 2-5, adopted as final judgment of the court by order of July 29, 2011 (Doc. No. 17).  The circumstances warranting dismissal are unchanged.  Moreover, the complaint filed in  *Forsythe v. Kirsey, et al.*, Civil Action 1:12-CV-33-TMH-WC remains pending before this court for disposition on the same claims against defendants Buckman Kirsey as the claims  against these defendants raised herein.  Consequently, the complaint filed by Forsythe in the instant cause of action is malicious and dismissal of such complaint prior to service of process is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *Cato*, 70 F.3d at 1105; *Bailey*, 846 F.2d at 1021.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's complaint be summarily dismissed as malicious pursuant to the provisions of 28

U.S.C. § 1915(e)(2)(B)(i).  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before April 4, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 21st day of March, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE